[35 NYS3d 916]

In the Matter of AARON ARI AFILALO, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 4, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Sarah Diane McShea*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Aaron Ari Afilalo was admitted to the practice of law in the State of New York by the First Judicial Department on January 23, 1995. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In a previous order, this Court immediately suspended respondent, until further court order, from the practice of law pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (iii) based upon uncontested evidence, namely written admissions and bank records that respondent misappropriated client funds (139 AD3d 175 [2016]).

The Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.11 accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys. An attorney who is the subject of an investigation or pending disciplinary proceeding may resign from the practice of law by submitting an affidavit of resignation to the Committee stating his intention to resign (*see* 22 NYCRR 603.11 [a]).

Respondent avers his resignation is voluntary, free from coercion and duress, and he is fully aware of the implications of submitting his resignation. Respondent acknowledges that he is the subject of an investigation into allegations of misconduct in connection with his attorney escrow account based upon a dishonored check drawn from his IOLA Trust Account. Admittedly, respondent misappropriated approximately $255,000 from his IOLA Account, in connection with real estate matters, in order to meet his personal and business expenses. Respondent later replenished the funds from an operating account.

Respondent admits that he would be unable to successfully defend himself on the merits if the Committee brought charges based upon his misappropriation of client funds.

The Committee advises this Court that there are no other outstanding complaints against respondent. Respondent has taken full responsibility for his actions, made full restitution and cooperated fully with the Committee to assure that the public is fully protected and no party further damaged. Finally,

respondent contends that he has not engaged in the practice of law since his suspension.

Respondent's affidavit of resignation complies with the requirements of 22 NYCRR 603.11. Accordingly, the Committee's motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys, effective nunc pro tunc to May 25, 2016.

TOM, J.P., MAZZARELLI, RENWICK, MANZANET-DANIELS and KAPNICK, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 25, 2016.